## Mueller, et al. v. Storrs.

(Decided December 18, 1925.)

### Appeal from Campbell Circuit Court.

1. Frauds, Statute of—Covenant Must be in Writing Before Action Brought Thereon.—In view of Kentucky Statutes, section 470, a covenant by grantor for benefit of grantee's lot and affecting other property owned by grantor must be in writing before action can be brought on it.

2. Evidence—Covenant Affecting Grantor's Other Property Not Established by Parol.—A covenant for benefit of plaintiff's lot, and affecting other property then owned by defendant, cannot be established by parol.

A. C. HALL for appellants.

L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants, whom we will refer to as the plaintiffs, are here because a demurrer was sustained to their

petition whereby they sought to recover damages of the appellee, whom we will call the defendant. On June 27, 1922, defendant sold to plaintiffs lot No. 21, fronting on the south side of Miller's lane in the city of Fort Thomas. In the deed by which this property was conveyed to the plaintiffs, there were a number of restrictions, one of these being that no residence should be constructed on that lot nearer to Miller's lane than thirty feet, measured from the front porch line of such structure.

Plantiffs contend that then the defendant agreed with them that identical restrictions would be inserted in all other deeds to lots owned by him in this subdivision. Plaintiffs constructed a dwelling upon this lot, and thereafter, the defendant sold other lots adjoining the lot sold to plaintiffs. In the deeds made to the purchasers of the other lots, the building restrictions were almost the same as in the deed to the plaintiffs, except that they were permitted to build within twenty-five feet of Miller's lane instead of thirty. The purchasers of those lots have done so. Plaintiffs claim that by thus allowing other buildings to be constructed five feet nearer to Miller's lane than their building was constructed, the defendant has damaged their property, for which they claim he should be responsible because, as they say, it was a part of the consideration for their property that the adjoining property should be conveyed by these deeds containing building restrictions identical with those in the deed to the plaintiffs. They are mistaken in this, because if such an agreement was had between these parties, then that agreement was not a part of the consideration, but was a covenant by defendant for the benefit of plaintiff's lot, and affecting the other property then owned by the defendant, and being such, it must be in writing before any action can be brought upon it. See section 470, Kentucky Statutes. There is no allegation in the petition that this was omitted from the deed through any fraud or mistake and the plaintiffs have sought to establish it by parol, which cannot be done.

The trial court appears to have reached this same conclusion, and its judgment is affirmed.